## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**JASAEL FIGUEROA FIGUEROA**<br>Defendant. | Crim. No. 24-214 (ADC) |

## REPORT AND RECOMMENDATION

On June 20, 2024, Defendant Jasael Figueroa-Figueroa was charged with violations of 18 U.S.C. § 924(c)(1)(A), 18 U.S.C. § 924(c)(1)(A)(B)(ii), 18 U.S.C. § 922(o) and 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and (b)(1)(D). Docket No. 1. Defendant filed a motion to suppress at Docket No. 25. The United States opposed at Docket No. 37. Defendant replied at Docket No. 43 and the United States sur-replied at Docket No. 46. The matter was referred to me for a hearing and Report and Recommendation. Docket No. 27. An evidentiary hearing was scheduled but continued several times at the parties' request. See Docket Nos. 41, 51, 53. The case was called for an evidentiary hearing, but upon hearing arguments on standing and Franks, the hearing was not held and I took the matter under advisement. See Docket No. 67. After carefully considering the written submissions and arguments of both sides, I recommend that Defendant's motion to suppress at Docket No. 25 be **DENIED**.

### I.     Background

Defendant requests that evidence seized from a residence at Barrio San José in Toa Baja on June 11, 2024, pursuant to a search warrant be suppressed. He argues that, on the day of the execution of the search warrant, he was seized at a sidewalk close to the residence and dragged inside the residence prior to execution of the warrant. Although he disclaims ownership of the residence, he nonetheless claims that, because law enforcement brought him into the house prior to the search, he has standing to seek suppression of the evidence seized there. Defendant also

**United States v. Figueroa-Figueroa**
**Criminal No. 24-214 (ADC)**
**Report and Recommendation**

argues that the affidavit submitted in support of the search warrant of the residence was deficient both because it was generic and lacked particularity with respect to the residence to be searched. And that he is entitled to a <u>Franks</u> hearing. Critically, Defendant did not submit an affidavit in support of his request for suppression and did not even submit to the Court the affidavit he claims was deficient and should be the subject of a <u>Franks</u> hearing. He complains of an illegal arrest. But no evidence was seized from his person. The only evidence challenged by Defendant is that which was seized from the residence. During the argumentative hearing, Defendant proffered that he would present the testimony of three witness that would establish: (1) he was arrested in the sidewalk and involuntarily brought inside the residence prior to execution of the warrant, (2) another house was also searched without permission or consent of the owner of that house, and (3) the falsity of some of the statements used by law enforcement to seek and obtain a warrant to search a car that was parked in front of the residence at issue. That second warrant was not submitted to the Court. More importantly, all the evidence subject to suppression here was seized from the residence, not from the car.

The Government sustains that the evidence was seized pursuant to a valid search warrant and that the search was authorized, and would have been validly executed, regardless of Defendant's arrest. So that the search and seizure of the evidence in the residence was not conditioned or in any way impacted by Defendant's purported illegal arrest. The Government also argues that Defendant has not submitted an affidavit in support of his motion to suppress and has not established standing to seek suppression of the evidence seized from the house. Indeed, Defendant has expressly disclaimed ownership of the residence. Because Defendant has not established standing to seek suppression of the evidence seized from the residence, he also lacks standing to seek a hearing under <u>Franks</u>. The Government proffered that it would present four (4) witnesses to establish the investigation and surveillance that gave law enforcement probable cause to request a warrant for the search of the residence, and that the warrant correctly identified the residence at issue. That upon arriving to execute the warrant, law enforcement observed Defendant at the door frame of the residence with a firearm on hand. That upon sight of law enforcement, he ran and exited the residence through the back door and was apprehended in the backyard of the house and brought inside the residence. At the residence, law enforcement identified him as one of the individuals seen during surveillance with evidence of firearms and controlled substances.

2

United States v. Figueroa-Figueroa
Criminal No. 24-214 (ADC)
Report and Recommendation

That all the evidence was seized from inside the residence, including a firearm close to where Defendant was seen standing before he fled to the back of the house.

## II.    Discussion

### A.    Defendant is not entitled to an evidentiary hearing on the motion to suppress as he did not make a sufficient showing that material facts are in dispute.

A defendant does not have an automatic right to an evidentiary hearing on a motion to suppress. United States v. Cintrón, 724 F.3d 32, 36 (1st Cir. 2013); United States v. Brown, 621 F.3d 48, 57–58 (1st Cir. 2010); United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994); United States v. Laureano Vélez, 210 F. Supp. 2d 54, 56 (D.P.R. July 8, 2002). "Rather, '[a] hearing is required only if the movant makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record. Most importantly, the defendant must show that there are factual disputes which, if resolved in his favor, would entitle him to the requested relief.'" Cintrón, 724 F.3d at 36 (quotations in the original) (citations omitted). Attorneys' arguments submitted in support of the request for suppression are not based on first-hand knowledge of the facts and are insufficient for the defendant to establish the required "definite, specific, detailed, and nonconjectural [facts] to enable the court to conclude that a substantial claim is presented." Lewis, 40 F.3d at 1332.

Although Defendant is seeking suppression of the evidence seized from the residence, and despite the requirements of Local Rule 147(a),[1] Defendant has not presented an affidavit in support of his request nor has he proffered evidence that would establish that there are factual disputes that need to be resolved in an evidentiary hearing. Defendant's arguments can be summarized as follows: he was illegally arrested outside of the residence and brought inside the residence before the execution of the search warrant, and the investigation of law enforcement prior to seeking the search warrant was insufficient for a finding of probable cause to justify the issuance of the warrant. But Defendant has disclaimed ownership of the residence. So, even assuming for purposes of discussion the illegality of his arrest and the deficiency in the probable cause finding for the search warrant, as will be discussed more fully below, there are no factual disputes that if resolved would entitle Defendant to the requested relief. See e.g., United States v. Calderón, 77 F.3d 6, 9

---

[1]    This District Court's Local Rule 147(a) provides that "[e]very dispositive motion shall include citations and supporting authorities. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion."

3

United States v. Figueroa-Figueroa
Criminal No. 24-214 (ADC)
Report and Recommendation

(1st Cir. 1996) (no right to evidentiary hearing when defendant did not submit affidavit or provide offer of proof to establish coercion in consent for search); Laureano Vélez, 210 F. Supp. 2d at 57–58 (no affidavit submitted, no need for evidentiary hearing).

> **B.    Defendant has not made a threshold showing of legitimate expectation of privacy in the residence that was searched and thus lacks standing to seek suppression of the evidence seized.**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Accordingly, searches and seizures should be conducted only after acquiring a warrant supported by probable cause. Id. To assert a violation of Fourth Amendment rights, a person needs to have legal standing to do so. This means that only a person whose reasonable or legitimate expectation of privacy has been invaded by a search or seizure can seek redress under the Fourth Amendment. Smith v. Maryland, 442 U.S. 735, 740 (1979) (discussing Katz v. United States, 389 U.S. 576 (1967) (string of cases omitted)); United States v. Battle, 637 F.3d 44, 48 (1st Cir. 2011) ("To prevail on a claim that a search or seizure violated the Fourth Amendment, a defendant must show as a threshold matter that he had a legitimate expectation of privacy in the place or item searched."); United States v. Symonevich, 688 F.3d 12, 19 (1st Cir. 2012) ("As a general proposition, '[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his [or her] Fourth Amendment rights infringed.'") (citations omitted).

To determine whether a person has standing to seek the suppression of evidence illegally searched and seized, we first ask what is the activity that is being challenged. Smith, 442 U.S. at 741. We then look at two criteria. A subjective one, which requires that the complainant have an actual expectation of privacy over the things or activities at issue and to have taken steps or demonstrated an intention of keeping those things or activities private. Id. at 740 (citing Katz, 389 U.S. at 361); Vega-Rodríguez v. Puerto Rico Telephone Co., 110 F.3d 174, 178 (1st Cir. 1997). The objective factor requires that the complainant's expectation of privacy is one that society is prepared to recognize as reasonable. Smith, 442 U.S. at 740 (citing Katz 389 U.S. at 353); Vega-Rodríguez, 110 F.3d at 178. See also United States v. Moore-Bush, 36 F.4th 320, 328 (1st Cir. 2022) (examining the two criteria). Some factors that may be considered by the Court in examining whether a defendant has met the required threshold are: "ownership, possession, and/or control;

4

United States v. Figueroa-Figueroa
Criminal No. 24-214 (ADC)
Report and Recommendation

historical use of the property searched or the thing seized; ability to regulate access; the totality of the surrounding circumstances; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of such an expectancy under the facts of a given case." United States v. Aguirre, 839 F.2d 854, 856–57 (1st Cir. 1988) (citations omitted). But the burden of establishing standing lies entirely with the defendant. Lewis, 40 F.3d at 1333; United States v. Vilches-Navarrete, 523 F.3d 1, 13 (1st Cir. 2008).

Defendant seeks suppression of the evidence seized from the residence at Barrio San José in Toa Baja. See Docket No. 25 at pp. 10, 13; see also Docket No. 1-1 (listing the evidence seized at the residence); Docket No. 43 at p. 6. He does not seek suppression of any evidence found on his person. His argument on standing rests on his purported illegal arrest outside of the house and on having been purportedly dragged inside the house prior to the execution of the warrant. See Docket No. 43 at p. 7.[2] Defendant has not submitted any evidence to establish that he had an expectation of privacy in the searched residence. He did not proffer any evidence on this issue when given the opportunity to do so during the argumentative hearing. On the contrary, counsel argued in no uncertain terms that Defendant "had nothing to do with the house." And the law is clear that Defendant had the burden of establishing a privacy interest in the house and that by disclaiming ownership of the house he has achieved the opposite. "[D]isclaiming ownership is tantamount to declaring indifference, and thus negates the existence of any privacy concern in [searched item]." United States v. Zapata, 18 F.3d 971, 978 (1st Cir. 1994) (citation omitted); United States v. Samboy, 433 F.3d 154, 161–62 (1st Cir. 2005) (distancing from any possible interest, coupled with no evidence that defendant rented or owned the apartment in question, or had a right to exclude others or even that he maintained a regular presence there; no standing); United States v. De Los Santos Ferrer, 999 F.2d 7, 9 (1st Cir. 1993) (disclaimed ownership of searched luggage, forfeited claim of privacy in its content); United States v. Colón, 845 F. Supp. 923, 930 (D.P.R. Jan. 28, 1994) (disclaimed ownership of item searched, no standing to argue that search was illegal).

---

[2]     Defendants' arguments on Terry are misplaced. See Docket No. 43 at pp. 5-7. The relief requested by Defendant is the suppression of the evidence seized from the residence that he claims he does not own or possessed. He does not seek suppression of any evidence seized from his person. Therefore, whether his detention was illegal under Terry is inconsequential.

United States v. Figueroa-Figueroa
Criminal No. 24-214 (ADC)
Report and Recommendation

Far from establishing standing to seek relief for a Fourth Amendment violation, Defendant's claim with respect to the supposed illegality of the arrest goes to his claim of innocence— that he cannot be deemed to have been in possession of the incriminating evidence found in the house. But that is an argument for trial. See Lewis, 40 F.3d at 1333 (defendant's interest to avoid the evidentiary force of the seized evidence is different from an interest protected by the Fourth Amendment); United States v. Agosto Pacheco, 2022 WL 16734558, at *3 (D.P.R. June 16, 2022), report and recommendation adopted, 635 F. Supp. 3d 59 (D.P.R. 2022). Indeed, contrary to the arguments made by Defendant at Docket No. 43 at pp. 3, 9, 11, there is nothing impermissible with the Government arguing that a defendant does not have an expectation of privacy in a place to assert a Fourth Amendment violation, while arguing that the defendant possessed the evidence seized in that same place to prove guilt at trial. United States v. Gómez, 770 F.2d 251, 253–54 (1st Cir. 1985) ("the fourth amendment protects legitimate privacy expectations. Therefore, it is possible for prosecutors to assert that a defendant had a *possessory* interest in goods seized yet had not had any *privacy* expectation invaded.") (internal citations omitted) (emphasis in the original).[3]

### C.    Defendant has not established that he is entitled to a Franks hearing.

Because Defendant does not have standing to seek suppression of the evidence seized from the residence, the inquiry could stop here and the motion to suppress denied without more. But in any event, Defendant has not made the required showing to trigger a Franks hearing in this case. An affidavit in support of a search warrant is presumptively valid. United States v. Gifford, 727 F.3d 92, 98 (1st Cir.2013) (citations omitted). "[A] defendant may attempt to rebut this

---

[3]    Even if the Court were to find that Defendant established that he has standing to challenge the evidence seized from the house, his arguments that the evidence seized should be suppressed on account of the application of the fruit of the poisonous tree doctrine would also be rejected. See Docket No. 43 at p. 10. Under the fruit of the poisonous tree doctrine, evidence with a "sufficiently close relationship to the underlying illegality" may be suppressed as an extension of the Fourth Amendment exclusionary rule. United States v. Sierra-Ayala, 39 F.4th 1, 16 (1st Cir. 2022) (citation omitted). But "suppression as fruit of the poisonous tree is not appropriate where 'the connection between the illegal police conduct and the discovery and seizure of the evidence is 'so attenuated as to dissipate the taint[.]'" Id. at 17 (citations omitted); United States v. Camacho, 661 F.3d 718, 728–29 (1st Cir. 2011). As correctly argued by the Government during the hearing, the evidence Defendant seeks to suppress was seized during the execution of a search warrant of the residence. That seizure was not contingent on Defendant's arrest and would have occurred regardless of whether Defendant was present in the residence or illegally arrested. The evidence was seized through independent means unrelated to the arrest.

United States v. Figueroa-Figueroa
Criminal No. 24-214 (ADC)
Report and Recommendation

presumption and challenge the veracity of the affidavit." United States v. McLellan, 792 F.3d 200, 208 (1st Cir. 2015). To do so, pursuant to Franks v. Delaware, 438 U.S. 154 (1978), a defendant may try to establish that law enforcement used false statements to obtain the warrant. However, a defendant does not have an automatic right to a Franks hearing. United States v. Barbosa, 896 F.3d 60, 68 (1st Cir. 2018). A defendant is entitled to an evidentiary hearing under Franks only when he makes a "substantial preliminary showing that a false statement, knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." Franks, 438 U.S. at 155–56. Material omissions in a government's application can also serve as grounds for a Franks evidentiary hearing, but only when the omissions are "designed to mislead, or [...] made in reckless disregard of whether [it] would mislead, the magistrate in his appraisal of the affidavit." United States v. Rivera Rosario, 300 F.3d 1, 20 (1st Cir. 2002); Barbosa, 896 F.3d at 68. "Recklessness may be inferred directly from the fact of omission only if the omitted information was critical to the probable cause determination." Id.

To make a "substantial preliminary showing" that would require Franks hearing, a defendant's claim must go beyond vague or conclusory statements and must "be supported by more than a mere desire to cross-examine." United States v. Andújar-Ortiz, 575 F. Supp. 2d 373, 377 (D.P.R. Sept. 2, 2008) (citations omitted). "Defendant's allegations of deliberate falsehood or of reckless disregard for the truth must be accompanied by an offer of proof." Id. Affidavits or sworn or otherwise reliable statements of witnesses constitute adequate offers of proof. Id.; Franks, 438 U.S. at 171 ("Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained."). These should clearly identify the specific part of the warrant affidavit that is alleged to be false and provide reasons supporting the claim. Andújar-Ortiz, 575 F. Supp. 2d at 377. Self-serving statements made by the defendant alone are insufficient to serve as an offer of proof. Id. (citations omitted).

Defendant's arguments for a Franks hearing should be rejected. Defendant did not present an affidavit or any other evidence to make a substantial showing that a false statement or an omission of a material fact was made knowingly and intentionally, or with reckless disregard for the truth by law enforcement when applying for the search warrant for the house. Franks, 438 U.S. at 155–56. Defendant did not even present to the Court the affidavit submitted by law enforcement

United States v. Figueroa-Figueroa
Criminal No. 24-214 (ADC)
Report and Recommendation

in support of the search warrant for the residence. Indeed, when asked during the argumentative hearing to identify the purported false statements in the affidavit submitted in support of the search warrant, Defendant was unable to identify any.[4] Defendant merely insisted in a conclusory fashion that the surveillance and investigation that gave rise to the finding of probable cause was deficient. See also Docket No. 25 at pp. 12, 15. But even assuming for purposes of discussion that law enforcement investigation was deficient, Defendant did not offer any evidence that could lead the Court to conclude that law enforcement had serious doubts as to the truth of their statements in the affidavit to justify a Franks hearing in this case. See United States v. Ranney, 298 F.3d 74, 78 (1st Cir. 2002) (failure to investigate fully is not enough to establish reckless disregard for the truth required under Franks; there must be a showing that the affiant had serious doubts as to the truth of the allegations).

### III.    Conclusion

For the reasons discussed, I recommend that Defendant's motion to suppress at Docket No. 25 be **DENIED** without the need for an evidentiary hearing.

**IT IS SO RECOMMENDED.**

This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules of this District Court. Pursuant to Local Rule 72(d), the parties have fourteen (14) days to file any objections to this Report and Recommendation. Failure to file timely and specific objections may be deemed waived by the District Court and claims not preserved by objections may be precluded on appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); Henley Drilling Co. v. McGee, 36 F.3d 143, 150 (1st Cir. 1994).

In San Juan, Puerto Rico, this 4th day of November, 2025.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge

---

[4]    During the hearing, I repeatedly asked counsel to describe the alleged falsities in the affidavit submitted in support of the search warrant of the house. She answered that the warrant did not describe with certainty the place to be searched, that the warrant was a general or generic, and that the surveillance conducted by law enforcement and described in the affidavit was deficient. None of these carry the day.